Mr. Justice ThacheR
delivered the opinion of the court.
This was an action of assumpsit instituted in the circuit court of Yazoo county by the copartnership firm of J. N. & N. L. Griswold, against Wilkinson, surviving partner of the copart-nership firm of Wilkinson & Willison, attorneys at law.
It is shown by the bill of exceptions, that the firm of Griswold placed a note in the hands of the firm of Wilkinson & Willson for collection, shortly after which Wilkinson & Willison dissolved their copartnership, Wilkinson retiring from the practice, and leaving to Willison the charge of the unfinished business; that Willison then united in copartnership with Jennings, and Willison & Jennings instituted suit upon the note, recovered a judgment, whereon the sheriff collected the amount and paid the same to Jennings, without Wilkinson’s permission or approbation.
The liability of Wilkinson to the Griswolds seems to be admitted up to the time of the recovery of the judgment upon the note, and the only point relied upon is, whether the sheriff was authorized in paying the amount levied,,to Jennings. Wilkinson, in effect, without notifying his clients, placed the note in the hands of Willison & Jennings for collection. They were the attorneys of record in the suit upon the note. It was held *672 by this court, in the case of Butler v. Jones, 7 How. 587, that “where a sheriff collects money on execution, he is fully authorized to pay it to the plaintiff’s attorney of record, and the payment made to the attorney in such instance is a discharge to the sheriff, unless he had been notified by the plaintiff that he had changed his attorney, and that the money was not to be paid to the attorney of record.” There is no evidence that Wilkinson notified the sheriff not to pay the amount to the attorneys of record, or that he put it in the power of his clients so to do.
The circuit court refused to instruct the jury, that “if they believe from the evidence that Wilkinson did not authorize Jennings to collect the money, either expressly or by implication, then the law is for the defendant, unless the jury believe from, the evidence that Willison authorized him to do so, or assented to it.” The bill of exceptions does not purport to set out all the evidence, and the charge might or might not have been pertinent. But, upon the supposition that the court erred in refusing this charge, it does not follow that the judgment must be reversed. The record manifestly establishes Wilkinson’s liability, and a new trial could, produce no other legal result. Perry v. Clarke, 5 How. 502.
Judgment affirmed.